Battle J.
 

 We have no hesitation in saying that the orde1' to dissolve the injunction, from which the appeal was taken, must be affirmed. Without considering whether there may not be other grounds of objection, to the injunction there is one, upon which it is manifest that it cannot stand. The plaintiff’s claim to equitable relief against Prather, cannot be sustained, unless upon the bill answer of the defendant, Johnson, it appears that he should be entitled to enjoin him, were he, the plaintiff, in the judgment at law. The bill alleges that when the contracts between the plaintiff and the defendant, Johnson, were all rescinded; “ Johnson said he had forgotten to bring the $300 (pension) note with him, but that he would bring or send it in a short time, and that in July when Johnson had removed part of his things to Yancy, the plaintiff asked him for the note, when he said it was, he believed, in his trunk in Wilkse.” To this allegation the defendant, ■Johnson, answers that neither at the time of the recission of of the contract, nor at any other time, did he tell the plaintiff’ “ that he had forgotten to bring the $300 note with him, or that it was behind in his trunk in Wilkes, nor did he, according to his best recollection, ever promise to x’eturn the said note. But upon the contrary, the defendant avers that upon the recission, he expressly told the plaintiff that he had sold the $300 not to his co-defendant, Prather, for a full and val-aable consideration, and therefore he executed in
 
 lieu
 
 there
 
 *320
 
 of, his own. obligation to the complainants, for the same amount which the complainant accepted in full satisfaction of his own note, now the subject of complaint.” A copy of this allegation is set forth in the answer, and it provides as follows: “It is however, understood that if James Johnson shall surrender to said Woodfin a note of hand given to said Johnson, by said Woodfin, for three hundred dollars, bearing date with this note, with a credit of five dollars thereon, which note, ■ said Johnson transferred to John Prather: that is, to discharge this note, this 26th day of May, 1852.” The answer states that this obligation was ante-dated for the purpose of mating it bear interest from the same time with the
 
 ‡800
 
 note in question.
 

 This part of the defendant Johnson’s answer, is decidedly responsive to the above recited portion of the bill, and must upon this motion to dissolve, be taken as true. How, then can the injunction be supported without a surrender of this obligation, oí* at least an offer to surrender it upon the injunction being perpetuated. If the plaintiff were to bring suit upon the obligation, it may be that the court of equity would give relief against it, if it had enjoined collection of the other. But it is one of the main objects of a court of equity to prevent a multiplicity of suits, and we should, while sitting in equity, feel ourselves faithless to one of our highest duties, were we to decide one suit which paved a way for another, where we had the complete power to put an end to the whole litigation at once. Por this reason alone then, without adverting to any other, we affirm the order at the costs of the plaintiff. This opinion will
 
 be
 
 certified as the law directs.